An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MIKE FIXER NEWCASTLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64740

FILED

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery by an inmate with the use of a deadly weapon causing substantial bodily harm. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge. Appellant Mike Fixer Newcastle raises three contentions on appeal.

First, Newcastle argues that the State adduced insufficient evidence at trial to sustain his conviction. We disagree. When viewed in the light most favorable to the State, the evidence presented at trial is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). A correctional officer testified that he heard a commotion in the dry goods storage room, immediately investigated, and discovered Newcastle standing over the victim holding a large mixing paddle in a striking fashion. The victim was not conscious and was bleeding from his head. As the officer removed Newcastle from the room, Newcastle said, "I did it." The victim's blood was found on Newcastle's clothing. This evidence was sufficient to conclude that Newcastle, an inmate, battered the victim with the use of a

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31055

deadly weapon causing substantial bodily harm. *See* NRS 200.481(2)(g)(2). While he contends that other evidence contradicted this testimony, it was for the jury to determine the weight and credibility to give the conflicting testimony. *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Second, Newcastle argues that the district court erred in denying his motion to dismiss based on a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He asserts that the State failed to disclose video evidence that indicated that Officer Green handled the purported weapon, a large mixing paddle, without gloves and had checked the weapon out to other inmates that day. The video also showed the door to the crime scene could be opened without breaking the evidence tape. We conclude that this claim lacks merit. "'[T]here are three components to a *Brady* violation: the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material.'" *Browning v. State*, 120 Nev. 347, 369, 91 P.3d 39, 54 (2004) (quoting *Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000)). Evidence explaining the presence of another's DNA on the purported weapon and showing that the crime scene was not secure was favorable to Newcastle. However, the State did not withhold the evidence, but produced it during trial. The district court permitted Newcastle to recall Officer Green for examination about the statement he made in the video. Moreover, Newcastle failed to demonstrate the late disclosed evidence was material. In light of the evidence that he was found standing above the victim holding a large mixing paddle, admitted that he "did it," and the victim's blood was found

on the paddle and his clothing, he failed to demonstrate prejudice resulting from the late disclosure.

Third, Newcastle argues that the district court erred in denying his motion for a new trial based on juror misconduct. He contends that two jurors expressed the sentiment that Newcastle "was in prison for a reason," which seemed to indicate they were disregarding the instruction regarding Newcastle's presumption of innocence. In order to "prevail on a motion for a new trial based on juror misconduct, the defendant must present admissible evidence sufficient to establish: (1) the occurrence of juror misconduct, and (2) a showing that the misconduct was prejudicial." *Meyer v. State*, 119 Nev. 554, 563-64, 80 P.3d 447, 455 (2003). "A jury's failure to follow a district court's instruction is intrinsic juror misconduct." *See Valdez v. State*, 124 Nev. 1172, 1186, 196 P.3d 465, 475 (2008). "[O]nly in extreme circumstances will intrinsic misconduct justify a new trial." *Id.* at 565, 80 P.3d at 456. We conclude that the district court did not abuse its discretion in concluding that this situation did not arise to such a level. *See Servin v. State*, 117 Nev. 775, 792, 32 P.3d 1277, 1289 (2001) (reviewing district court decision on timely motion for new trial for abuse of discretion). The comments may have indicated that the jurors had disregarded the instructions by considering improper, unadmitted character evidence. However, considering the aforementioned evidence of Newcastle's guilt and that the expressed sentiment of the jurors would be the same regarding any of the other possible perpetrators, Newcastle failed to demonstrate a "reasonable probability or likelihood that the juror misconduct affected the verdict." *Meyer*, 119 Nev. at 564, 80 P.3d at 455.

Having considered Newcastle's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Steve L. Dobrescu, District Judge
State Public Defender/Ely
State Public Defender/Carson City
Attorney General/Carson City
Attorney General/Ely
White Pine County Clerk